# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 10-367-10 |
| EDWIN LUIS JIMENEZ | : | |

## O R D E R

AND NOW, this _____ day of _____, 2021, upon consideration of the defendant's Letter Motion for Early Termination of Supervised Release, and the government's response thereto, it is hereby ORDERED that the motion is DENIED.

BY THE COURT

_____
HON. NITZA I. QUIÑONES ALEJANDRO
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 10-367-10 |
| EDWIN LUIS JIMENEZ | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

The United States of America, through its attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, and Elizabeth Abrams, Assistant United States Attorney, respectfully opposes the defendant's request that this Court terminate his supervised release early. The defendant seeks termination of supervised release after serving only a portion of the period imposed by the Court as part of his sentence. He is barred from doing so by the provisions of his plea agreement, where he waived claims to such relief. Further, he has not offered a sufficient reason to excuse his service of the full sentence ordered by the Court. The sentence of supervised release was necessary and appropriate, and should not be altered. The motion should be denied.

**I.     FACTS**

On May 2, 2011, Edwin Jimenez pled guilty to three counts of a superseding indictment, pursuant to a plea agreement. The counts of conviction were conspiracy to distribute 50 grams or more of cocaine base and heroin, in violation of 21 U.S.C. § 846 (Count One); distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count Ten); and maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(2) (Count Fifteen). The plea agreement contained a waiver of appellate rights that was discussed at the change of plea hearing. On April 17, 2012, the Court sentenced him to 100 months in prison on each count to

run concurrently, 10 years of supervised release on Count One, 6 years of supervised release on Count Ten, and 3 years of supervised release on Count Fifteen, a fine of $2,500 and a special assessment of $300. The defendant did not appeal his sentence. He served his term of imprisonment, paid his fine and special assessment, and started supervised release on April 20, 2018. On February 11, 2020, the Court modified the defendant's conditions by placing him on home confinement for 60 days, in response to an incident of driving while intoxicated.

The waiver provision of the plea agreement (paragraph 9) states:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.
>
> a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.
>
> b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:
>
>    (1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 4 above;
>
>    (2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; and/or
>
>    (3) the sentencing judge, exercising the Court's discretion pursuant to United States v. Booker, 543 U.S. 220 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.
>
> If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

Now, in violation of the terms of the waiver, he seeks to change his sentence by drastically shortening his term of supervised release, which will not expire until April 19, 2028. The Court's sentence should remain undisturbed.

In addition, even if he had not waived his right to seek termination of his supervised release, the defendant has not presented a sufficient ground for the relief he is seeking. The defendant asks the Court to end his supervision roughly six and half years early, citing only his desire to travel across state lines for work. As set forth below, if the Court reaches the merits, it should nevertheless deny the defendant's motion.

## II. THE PLEA AGREEMENT BARS THE RELIEF SOUGHT

The Third Circuit has made clear that the appellate/collateral attack waiver provisions that this defendant agreed to in his written plea agreement cover this very circumstance, and the defendant is now proscribed from asking this Court to change his sentence.

In *United States v. Damon,* 933 F.3d 269 (3d Cir. 2019), the Court noted that "[w]aivers in plea agreements are neither new nor unusual, and we have long enforced their terms." *Id*. at 272. Damon pled guilty pursuant to a plea agreement where he waived appeals or collateral attacks on his sentence. He did not dispute that the plea agreement in fact contained the waiver provisions. Rather, Damon argued that "sentence" referred only to the term of imprisonment, and did not apply to a later request to shorten his term of supervised release. *Id.* Utilizing the "well-established principle that plea agreements, although arising in the criminal context, are analyzed under contract law standards," *id.* at 273 (citing *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008)), the Court found that the term "sentence" was unambiguous and included supervised release, stating: "The ordinary meaning of 'sentence' can only reasonably be read to include all forms of punishment or penalties imposed on a defendant. By extension, Damon's 'sentence'

must be read to include the term of his supervised release, bringing Damon's challenge within the scope of the bargained-for waiver." *Damon*, 933 F.3d at 273.

The Third Circuit thus held that a petition for early termination was a "challenge" to the sentence that was waived by the clear language of the plea agreement and that the defendant "cannot now challenge the term of his supervised release by reframing it as a post-sentence modification." *Id*. At 275.

The waiver in this case similarly applies to any post-conviction challenge to a "sentence," and thus the waiver applies to a motion for termination of supervised release. The only remaining question is whether the waiver is enforceable. It plainly is.

The Third Circuit has held that three factors must be considered: "(1) whether the waiver of the right to appeal her sentence was knowing and voluntary; (2) whether one of the specific exceptions set forth in the agreement prevents the enforcement of the waiver; i.e., what is the scope of the waiver and does it bar appellate review of the issue pressed by the defendant; and (3) whether enforcing the waiver would work a miscarriage of justice." *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008) (internal quotation marks omitted; quoting *United States v. Jackson*, 523 F.3d 234, 243-44 (3d Cir. 2008)). In this case, consideration of all of the elements dictates enforcement of the waiver and summary denial of the defendant's motion.

### A.    The Waiver Was Knowing and Voluntary.

In deciding whether the waiver can be enforced, this Court's first task is to assure that the waiver was entered knowingly and voluntarily. *See United States v. Mabry*, 536 F.3d 231, 237-38 (3d Cir. 2008), *abrogated on other grounds, Garza v. Idaho,* 139 S. Ct. 738 (2019).[1] The

---

[1] *Garza* held that an attorney provides ineffective assistance if he does not comply with a defendant's direction to file a notice of appeal, even if the defendant entered an appellate waiver. That situation is not at issue here.

question is whether "the district court 'inform[ed] the defendant of, and determine[d] that the defendant underst[ood] . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence' as Federal Rule of Criminal Procedure 11(b)(1)(N) requires." *Id.* at 239 (bracketed material and ellipsis in original).

The defendant was represented by counsel at his change of plea hearing. He read and signed the plea agreement. In addition, the plea agreement's appellate waiver would have been discussed in open court, in accordance with the practice of the Judge who took the defendant's guilty plea. Since the time of his sentencing over nine years ago, the defendant has never asserted that there was any unfairness in his change of plea proceeding, or that he did not enter into his plea agreement knowingly, intelligently and voluntarily.

      **B.**      **No Exception to the Waiver Applies.**

None of the narrow exceptions in the waiver applies in this case. Specifically, the plea agreement permits the presentation only of claims that a sentence exceeded the statutory maximum on any count, that the Court imposed an upward departure in the guideline calculation, or that the Court imposed an upward variance from the guideline range. None of those circumstances occurred at the defendant's sentencing hearing.[2]

      **C.**      **This Case Does Not Present a Miscarriage of Justice.**

Because the waiver was entered knowingly and voluntarily, it must be enforced in the absence of a miscarriage of justice. In *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001), the Court held that waivers of appeal are enforceable, but observed that "[t]here may be an unusual

---

[2] The agreement also permits presentation of claims of ineffective assistance of counsel. However, under settled law, such a claim should be presented in a timely collateral petition under 28 U.S.C. § 2255, which the defendant did not do. *See, e.g., Massaro v. United States,* 538 U.S. 500 (2003); *United States v. Thornton,* 327 F.3d 268, 271-72 (3d Cir. 2003).

circumstance where an error amounting to a miscarriage of justice may invalidate the waiver." *Id.* at 562.

There was no miscarriage of justice in this case. The Court in *Khattak* did not provide a definitive list of situations which amount to a "miscarriage of justice." It observed that other appellate courts have suggested that only extraordinary situations would suffice. *See, e.g.*, *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000) (there may be a miscarriage of justice if the sentence was "1) imposed in excess of the maximum penalty provided by law or 2) based on a constitutionally impermissible factor such as race."); *United States v. Joiner*, 183 F.3d 635, 645 (7th Cir. 1999) (may be miscarriage of justice if the plea agreement was the product of ineffective assistance of counsel). *Khattak* embraced the view of the First Circuit, that a reviewing court should evaluate appellate waivers case-by-case, considering the error claimed by the defendant and such factors as "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." 273 F.3d at 563 (quoting *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001)).

It is apparent that the "miscarriage of justice" exception is quite narrow. It "will be applied sparingly and without undue generosity," *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (quoting *United States v. Teeter*, 257 F.3d 14, 26 (1st Cir. 2001)), only where "manifest injustice" would result by enforcing the appellate waiver, *Gwinnett*, 483 F.3d at 206.

Simply because an issue is meritorious is not sufficient. Adopting the view of other Circuits, this Court stated in *Khattak*:

> [B]y waiving the right to appeal, a defendant necessarily waives the opportunity to challenge the sentence imposed, regardless of the merits. As the Court of Appeals for the Eleventh Circuit explained:
>
> A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues - indeed, it includes a waiver of the right to appeal blatant error. Waiver would be nearly meaningless if it included only those appeals that border on the frivolous . . . . While it may appear unjust to allow criminal defendants to bargain away meritorious appeals, such is the necessary consequence of a system in which the right to appeal may be freely traded.
>
> [*United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999)]; *see also United States v. Wenger*, 58 F.3d 280, 282 (7th Cir.1995) ("Defendants who appeal from sentences following plea agreements always point to unanticipated and unwelcome developments. . . . To say that a waiver of appeal is effective if and only if the defendant lacks grounds . . . is to say that waivers will not be honored.").

*Khattak*, 273 F.3d at 561-62. *See also United States v. Castro*, 704 F.3d 125, 138 (3d Cir. 2013) (with regard to a claim of insufficiency of the evidence, a defendant establishes a miscarriage of justice allowing the claim to be considered only if "the record is entirely devoid of evidence that he committed each element" of the offense); *United States v. Schweitzer*, 454 F.3d 197, 205 (3d Cir. 2006) (applying waiver to preclude appeal of challenge to allegations in indictment).

Notably, the waiver precludes ordinary claims of sentencing error. *See Castro*, 704 F.3d at 141-42 ("It appears instead that a district court's arguably erroneous calculation of a guideline range 'is precisely the kind of "garden variety" claim of error contemplated by [an] appellate waiver.'") (quoting *Sotirion v. United States*, 617 F.3d 27, 38 (1st Cir. 2010); *United States v. Lockett*, 406 F.3d 207, 212-14 (3d Cir. 2005) (meritorious sentencing argument under *Booker* is not a basis for the defendant to evade his appellate waiver); *United States v. Jackson*, 523 F.3d

8

234, 244 (3d Cir. 2008) ("it will be a rare and unusual situation when claims of an unreasonable sentence, standing alone, will be sufficient to invalidate a waiver because of a miscarriage of justice);[3] *United States v. Banks,* 743 F.3d 56, 58-59 (3d Cir. 2014) (where both prison terms were within the ranges specified in the plea agreement, and the entire sentence was well below the statutory maximum, there is no foundation to conclude that the sentence constituted a miscarriage of justice permitting abrogation of the appellate waiver); *United States v. Perez*, 514 F.3d 296, 298 (3d Cir. 2007) (enforcing waiver of right to appeal restitution order, as that was a term of sentencing regarding which the defendant waived the right to appeal).

In this case as well, the defendant has not presented any issue falling within the narrow miscarriage of justice exception. The defendant pled guilty to and admitted the charges, and the district court later sentenced the defendant to a term of imprisonment below the recommended sentencing guideline range. The defendant's mere desire to terminate supervised release surely does not set forth any miscarriage of justice.

### III.    EARLY TERMINATION IS NOT WARRANTED IN ANY EVENT

For the reasons set forth above, the motion should be summarily denied, as in *Damon*, on the basis of the defendant's waiver. For purposes of completeness, we add that the motion fails on the merits in any event.

---

[3]  In *Jackson*, the Court rested its view in part on the fact that the Supreme Court, in *Gall v. United States*, 552 U.S. 38 (2007), made clear that sentencing decisions of a district court must be afforded considerable deference on appeal; thus, it is difficult to conceive of a case in which such a discretionary decision would cause a miscarriage of justice. In *Jackson*, where the defendant only sought to appeal the reasonableness of his sentence, this Court concluded that the "case obviously does not present the 'unusual circumstances' we contemplated in *Khattak*." *Jackson*, 523 F.3d at 244.

The defendant asserts that, although this Court had to sanction him on one occasion for driving under the influence while he was on supervised release, his recent record of compliance and his desire to travel for work outside of the Eastern District of Pennsylvania warrant early termination. The defendant's assertions, while not in dispute, do not warrant early termination of supervision.

The applicable statute, 18 U.S.C. § 3583(e), provides district courts with authority to grant early termination of supervised release if, in the discretion of the Court, such relief is appropriate and in the interests of justice. That section provides that

> [t]he court may, after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) – (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 .S.C. § 3583(e).

It is the defendant's burden, "as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). It "logically follows that the burden of ultimate persuasion should rest upon the party attempting to adjust the sentence." *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989).

The Court has discretion in determining whether to terminate supervised release. It "need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020). However, the Third Circuit stated:

> We think that *[g]enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it. . . . That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release. But we disavow any suggestion that new or unforeseen circumstances must be shown.

*Id.* at 53 (citation and quotation marks omitted).

Here, there has been no change in circumstances, and accordingly termination of supervised release is not advisable even putting the waiver aside. The defendant's compliance with the terms of supervised release is merely what is expected. *See, e.g.*, *United States v. Guilliatt,* 2005 WL 589354, *1 (E.D. Pa. 2005) ("The conduct cited by defendant in support of his Petition is commendable. However, it is nothing more than what is required under the terms of defendant's probation."). If simple compliance with the terms of the court's supervision were sufficient to justify early termination, "the exception would swallow the rule." *Id. See also United States v. Lohman*, 2007 WL 1430282, *1 (E.D. Wis. 2007) (holding that if simple compliance were sufficient for early termination, "every defendant who avoided revocation would be eligible for early termination").

Supervised release is not an obstacle to the defendant's desire to be able to work outside of the Eastern District of Pennsylvania. The Probation Office freely and frequently grants permission to travel for legitimate purposes. The defendant does not assert that he has ever been denied approval for travel, and does not specify how being on supervised release has hampered his ability to advance in his job. The fact that the defendant presumably wants to travel without having to seek permission is not a change in circumstances, and is not a worthy basis for ending supervision before it is even half completed.

By all appearances, the defendant has stabilized his life and his current behavior is very heartening. His improvements on that front, however, do not present the kind of change in circumstances that would warrant early termination.

For all of these reasons, the denial of early termination of supervised release would not work a miscarriage of justice. To the contrary, the defendant does not present any circumstances justifying it, even if such remedy had not been already been waived by the defendant.

## IV.   CONCLUSION

For these reasons, the motion for early termination of supervised release should be denied.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney


　　　/s/Elizabeth Abrams
ELIZABETH ABRAMS
Assistant United States Attorney

Dated:     9/24/21

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I caused a true and correct copy of the foregoing Response in Opposition to Defendant's Letter Motion for Early Termination of Supervised Release to be served via United States Mail upon the following:

> Edwin Jimenez
> 221 W. Douglas Street, Apt. 3
> Reading, PA 19601

          /s/Elizabeth Abrams
    ELIZABETH ABRAMS

Dated: September 24, 2021